Judge Winter, you can hear us all right? Yes, can you hear me? Okay, yes, we can. Great. I understand that everyone is here. Accordingly, we will dispense with the calling of the calendar and we'll proceed to the first case, Carpenter v. Koskinen. Good morning, may it please the court. Mark Detterman for Koskinen and the government. I'd like to start by briefly explaining how we arrived here and why the government believes that at a minimum, a remand for an evidentiary hearing is appropriate in this case. The plaintiffs filed a Bivens suit here and in their complaint, they in part made a criminal rule 41G claim asking for return of records. The government filed a motion to dismiss the 41G claim for the return of the records. As part of our motion, we filed affidavits focusing on the fact that 320 boxes of originals had already been returned to the plaintiffs and that the government only maintained two boxes of original documents. Again, that was addressing plaintiffs' desire to have their documents returned and so those affidavits focused on what had been returned. At the moment, the government only has two boxes of documents? Two boxes of original documents. And then there are eight boxes that are in escrow and those are the ones, is it eight or six, that are in escrow and those are the ones that are in dispute now? Yes, well there are about a dozen boxes that are copies that the government made. So when the government originally did the search warrant, they arrived at a stipulation with the parties that they could copy the documents and return their originals. And so the government copied the documents and has copies of those documents. Those documents were being used both in the Wisconsin You have two boxes of originals and 12 boxes of copies still? Yes, I believe that also The government doesn't want to give those back at the moment? Yes, that's correct. And you have those, those are different from the ones that are in escrow? Where are these 12 copies? Well, the 12 boxes of copies are in Connecticut and they were used and some of them were trial exhibits. Does the government have them in its possession or are they in escrow? No, the government has them, has copies in its possession of 12 boxes and those are being used in the Connecticut criminal case. And those are the ones, is that the only ones that the plaintiff is trying to, that the defendant or plaintiff, depending on how you look at it, in this case is trying to get? Well, originally they were asking for us to release documents that were being held pursuant to the stipulation by their counsel. I don't care about originally. I want to know now, what is it they are trying to get? I believe that there is also scanned versions in Wisconsin of the original boxes that the government is still in possession of, the scanned versions of copies. Of all the 320 boxes? My understanding is that they went through the boxes and scanned boxes that they deemed, appeared to be responsive and then there was privilege litigation over those boxes. And that was continuing at the time of this order, the privilege litigation. What is it that you are objecting to they're getting now? That Judge Underhill said they could get, though he has issued a stay. Our objection at this point is only to the documents that are being used in the Connecticut criminal prosecution, which is ongoing. How many of the boxes are those? Or copies are those? My understanding is that there is about a dozen boxes of copies. They weren't done by box. They were done separately. We're talking about the copies that you say are relevant to the Connecticut criminal prosecution. Yes. Okay. Now, as to those, there is in effect at the moment an order that they should be released, but that order has been stayed. Is that correct? That is correct, Your Honor. Now, if a stay stays in effect until the Connecticut prosecution is over, then you have no problem because at that point you're not interested in keeping them. Is that correct? Until that conviction is final, that is correct. That's right. So once that is gone, you don't care. You're perfectly willing to have them go back. Yes, that's correct, Your Honor. If we were to find, for instance, that at the moment we do not have 1291 jurisdiction to hear this appeal and that we have problems with 1292 because it's hard to say that an injunction has actually been issued when the order is without prejudice and there is a stay, we could be in a situation where we might say, so long as this stay stays in effect, we don't have jurisdiction. If for any reason Judge Underhill were to remove this stay, because this stay is not a stay pending our decision or anything else. It's a stay. If for any reason he were to remove that stay before the Connecticut case, criminal case, is final, we might very well have jurisdiction. You could ask for an immediate emergency stay and all would remain as it is. Then if instead the Connecticut thing, which has been a conviction, so it's a question of appeals and things of that sort, becomes final, then you don't care and the thing is in effect. And this terrible mess that somehow has been gotten into would be resolved without having to decide an awful lot of terribly difficult questions as to where there is jurisdiction or not jurisdiction or not. But that would be okay with you, would it not? Yes, Your Honor. I mean our view was that a stay does not toll the time for us to file an appeal, so we didn't feel that we could sit. No, no, I'm not complaining about what you've done. I'm just trying to see if we can come up with a solution to what is a messy situation that is okay for everybody. It's unusual for me to act as if I were a district judge. But, you know, I think that there may be here a way of solving it that gets us out of a mess that is okay with you, that is okay with them, and that doesn't get us into a question between Schottengy and Underhill. Yes, I mean I believe that this court made it clear that we could immediately appeal the lifting of the stay than the government would feel that is a proper disposition of the case. Just one final question. You had said that the government's only objection is to returning the documents that are relevant to the criminal case. Are there other documents among the two boxes of original, the twelve boxes of copies, the scans that don't fall into that category that is relevant to the criminal case? I believe there are still some copies in Wisconsin that are not relevant to the Connecticut criminal case, because we had all the copies of all the documents that were subject to this privilege claim that we're going through, and those were never divided into . . . Is there any problem with returning those that are not relevant to the criminal case in Connecticut? That would also, in a practical way, narrow the dispute. I believe that the Connecticut U.S. Attorney's Office believes that there could be some custody issues, and also a sort of chain of custody issues in returning those, because they got their copies from those copies, and so they were concerned of chain of custody issues in returning those. Again, the plaintiffs have the originals of all those documents, but that would be our position on those, that there could be chain of custody issues. Okay, thank you. You have some rebuttal time. Could I ask one question? Yes. How did this case wind up between three judges, and is there any way to get them consolidated, not consolidated, but heard by the judge who has the most need for these documents? Yes, Your Honor. I think this court, in a previous case, De Almeida said that a civil court hearing a Rule 41G case should abstain, while a district court, in a criminal case, is hearing a claim relating to the same property. I think this court could hold, as it did in that case, that this district court should abstain, that it could vacate the order, and that all further 41G proceedings should proceed before the district court in the criminal case. Again, we have the government right now is facing inconsistent orders. We have a civil case where we were ordered to return documents, and a criminal case where the judge said we did not have to return those documents and denied suppression of the same documents. Except that at the moment, they are not inconsistent because the decision in the civil case is state. That's correct, Your Honor, based on the view that we can appeal immediately if the stay is lifted. Thank you. Thank you. Thank you. Good morning, Your Honors. Jeff Nichols for the Plaintiff Daniel Carpenter. I have with me Attorney John Einhorn for the Plaintiff Gristmill Capital, and I have ceded a couple minutes to him of my time. I think it's important to focus on how we got here, and it wasn't Judge Underhill reaching out at a moment that he should have abstained. We're here because the motion to dismiss that the government just referenced was also titled Motion for Summary Judgment, and the government asked Judge Underhill to decide the 41G motion, and it submitted two affidavits in support of that. Yeah. There's no question that at the time Underhill first got this, it was the government that said that you have power to decide it. It wasn't you, so it's a little bit peculiar for the government to act now as if, oh, we're terribly shocked he grabbed because they asked him to grab in the opposite direction. But I'm not so interested in how we got here. I'm interested in what we can do now that solves the mess. And, Your Honor, to Judge Chin's point, I believe that, well, there's new information that I personally am just hearing in this case for the first time, which is that there are 12 boxes that allegedly are relevant to the Department of Labor criminal prosecution, and my understanding is that although many of the other originals have finally been fully returned to the parties from whom they were taken, that there still are all of the copies, I think all of the original copies, and that's not just copies of documents. I believe that's also mirrors of servers and computers that are still sitting in Wisconsin. Let me ask you what I ask the government. What is it you are trying to get back? Mr. Carpenter is trying to get the return of all documents that aren't plausibly related to the Department of Labor prosecution pending in the District of Connecticut right now, and that includes copies. You're trying to get back the copies so long as they are not related to the criminal prosecution. The government said in its briefs that there are some things that it does not know whether they are related to the criminal prosecution because there is so much stuff that they haven't yet gone through all of them. Your Honor mentioned previously feeling as if you're in the capacity of a district court judge today. I believe these are questions that Judge Underhill ought to be able to pass on. I believe he invited the government to move again for reconsideration so that with the potential change in facts and potential change in law with the new Genias decision that he could assess the situation as it stands. I think that's what should happen here. You agree that you're not entitled to the return of originals or copies of documents relevant to the criminal case? I think that's correct, Your Honor. And they say that those are the only ones they're interested in keeping, putting aside custody issues. Can't you work something out here? Well, I'd like to think so, Your Honor. Again, I think this is probably a trial court-level type of conversation because we're not 100 percent clear on what the state of the facts is as to where the documents are and what documents are where, and I think that that is going to require some unraveling. What about the government's or Judge Winter's suggestion that it would be better if one judge resolved all this? I'm not sure why that happened. I don't know how the case assignment occurred, but I do know that Judge Underhill has been working on the Bivens claims in this action for some time now as well, so I can't speak to what the . . . Well, what happened is clear. There was a civil action before Judge Underhill and a criminal action before Judge Schotteny. The government acted as if Judge Underhill could decide the issue, and so he did, and you asked Judge Schotteny to give him back, and he said no because that was what was before him, so it's perfectly clear how it happened. The question is, does it make sense now? I don't believe that Mr. Carpenter would object. Judge Underhill and Judge Schotteny are both capable jurists, and I don't think that it makes a difference which district court judge is ruling on these issues. But basically, each of you is saying that you're comfortable with the same thing. You are willing to let them keep anything that is relevant to the criminal case and the government says that that's all they want, and they also say that they cannot tell you about what is in those 12 boxes, what is relevant, because they haven't had a chance to go through them. So unless you're going to argue and say the government must go through these things now rather than just wait, why isn't the sensible thing simply to keep these things as they are until the criminal case is over, and when the criminal case is over, give them back? What's the argument? I apologize. What's the argument? I think the argument is that the government has now had these 322 boxes and images of computers and servers for seven years, for more than seven years now, and there has already been a prior occasion in this case in which they obtained a search warrant to re-seize some of the documents. I am reminded of some of the facts in the Genias case as well in which Mr. Genias had not sought 41G relief, and the Genias en banc decision suggested that 41G motion is an appropriate way to do this separation of responsive documents and non-responsive documents. How long is it likely to be before the Connecticut criminal case is essentially over? He's been convicted, and there's an appeal, but realistically, how long is that likely to be? I don't know if I could handicap it, Your Honor. I know that there are substantial post-trial motions that have been filed, and how long it might take Judge Schotteny to work through those, I think at the outside it could be six months to a year. And meanwhile, Mr. Carpenter is sitting there concerned about the threat of the government going back into documents that it's been holding for more than seven years. It just seems very obvious to me that if the government has the vast majority of documents, there are 322 total boxes that says that 12 of them are relevant, that leaves very few boxes, 310, or excuse me, that leaves many of the boxes, 310, that it could return now. And if there are issues outside that they are representing about chain of custody, et cetera, it seems to me those things could be worked out. But the government should not be permitted to continue holding these documents. Did Judge Schotteny say that any boxes except those that are relevant to the criminal case could be held? I looked at Judge Schotteny's decision for that, and it's really not clear. There were other issues that were in play, including Mr. Carpenter's standing to speak as to all of the boxes. And Judge Schotteny seemed to be focused especially on whether the search warrants in 2010 and 2011 were facially invalid and making more of a Fourth Amendment decision than a 41G decision. And so I can't find it there, Your Honor. I can't find a yes or no answer to whether Judge Schotteny was willing to separate out responsive and non-responsive documents at that juncture. Are you ceding some time to Mr. Einhorn? I am. Thank you, Your Honor. Good morning, Your Honors. John Einhorn from New Haven. Excuse me. I represent Gristmill Capital, which is the other plaintiff in this case. Mr. Nichols has done all the heavy lifting. So the only thing I really wanted to add is two things. First of all, in the government's Rule 28 letter of, I guess, about two days ago, the government noted that Gristmill Capital, the complaint was dismissed as against Gristmill Capital. But Gristmill Capital has since refiled essentially at a procedure suggested by Judge Underhill. And then both plaintiffs have also at this point done a compounded complaint for both of us. So Gristmill Capital is back still in play. And the only other thing I just wanted to note is the fly in the ointment, Your Honors, with the settlement or resolution we've been discussing, which is the return of the copies of the 310 documents. And I think it's the return of those copies, not just the fact that the originals have been returned. And so the government seems to have some concern over doing that. Well, I think the concern is over the chain of custody. But again, I would think that the parties could work that out and enter into some kind of stipulation that would preserve the chain of custody. I would agree with that, yes. Thank you, Your Honors. Thank you. I think we're having trouble. I can't see. Oh, yeah, our clock is frozen. So our computer is frozen. My clock is working, by the way. Well, I'll give you some heads up. My clock is working. I think we've covered most of the areas here. I would say that Judge Chotny, the carpenter as a defendant in the criminal case, asked for the return of all the property, all the boxes. And that was denied by Judge Chotny. So I don't think that the criminal order is ambiguous as to whether the government is allowed to keep those documents as to Judge Chotny's order. He also denied suppression wholly and found the search warrant valid. Again, this is very procedurally complex. Well, but did he deny that pending the conclusion of the criminal case? Or did he deny it permanently? Oh, well, he denied it pending the conclusion of the criminal case. You can always refile after the criminal case. We're not denying that after the criminal case is done that plaintiffs have a right to sole possession of their records. Of everything, including the copies? Yes, Your Honor. So let's be clear on it. Everything can go back, including the copies, once the criminal case is over. It's final, yes. And the government's position is until that is done, things which are relevant to it, including those things which you have not had a chance to go through, have to be kept. Yes, that is our position. And no more than that. Yes, Your Honor. Now, can you explain to me how we possibly have jurisdiction under de Bella where de Bella says we have jurisdiction when it's independent, when what you are saying is you don't want to give them back because it is dependent? Yes, Your Honor. I think the language in de Bella, the Supreme Court, when it's talking about, in essence, part of a criminal case that a Rule 41G would not be appealable, I think they're focusing on, well, actually, a case like this where there is a civil action filed by a party that's also a criminal defendant and he's denied the return of property. I think it's much different in this case where the order is for the government to return property because that causes irreparable harm. Once the property is returned, it can be destroyed. Therefore, I believe that this is a final order and that a Rule 41G can be appealed by the government, an order requiring it to return property. And Judge Learned Hand, which I see him right over here, ruled in a case in this court that the return of property was appealable by the government for the same reasons that once the property is returned. Long, long before de Bella. Well, that is true, Your Honor. But other circuits have considered. Part of the fact that he was often wrong, but leave that aside. It was long before de Bella. But other circuits have also held that a 41G, when it's an order for the government to return property, is appealable because of the irreparable damage that can be done if the property is returned. It can obviously, once all copies are returned, they can be destroyed and the government has no recourse. Thank you. Thank you. We'll reserve decision. Thank you.